THE STATE, DEFENDANT IN ERROR, v. FRANK LAVIERI
AND MICHAEL DE PALMA, PLAINTIFFS IN ERROR.

Submitted March 24, 1919—Decided June 20, 1919.

1. In a criminal case the court charged as requested that the confession of either co-defendant was not evidential against the other; and went on to say that according to his recollection of the defendants' testimony it was identical with the confessions. *Held,* no error, the jury having previously been cautioned not to accept the judge's recollection of the evidence as in any way controlling.
2. On writ of error in a criminal case under sections 136 and 137 of the Criminal Procedure act, plaintiff in error is not entitled to a review of any alleged error, at the trial that is not specified in the causes for reversal provided for in section 137.

On error to Middlesex Oyer and Terminer.

For the plaintiffs in error, *Theodore Strong.*

For the state, *Joseph E. Stricker,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. This case is closely connected with State *v.* Palmieri, decided at the present term, the defendants herein being jointly indicted with Palmieri, and a severance for trial being ordered. The present plaintiffs in error were also convicted of murder in the first degree; the facts proved on the trial being substantially the same as in the other case.

Point 1 is, that the court erred in charging that there was no evidence justifying a verdict of manslaughter, and 2, in charging that the verdict should be murder in the first degree or acquittal. These points are covered by what has been said in the Palmieri case. It is asserted that there is evidence to show that De Palma went to the Smith house to get a drink of milk. It is in evidence that they went there and asked for milk, but there is nothing in the evidence to show that robbery was not the real object, and everything to show

that it was. The suggestion that De Palma was entitled to defend himself against an attack by Roman Smith, the deceased, is utterly groundless. Upon all the evidence, Smith was simply attempting to defend his wife and property against an admitted band of desperadoes.

Points 3 and 4 are, that the court refused to charge as requested that the confession of Lavieri was not evidence against De Palma, and *vice versa*. The court did charge both requests. The real complaint is that the trial judge added that both had been sworn as witnesses, and, as he recalled their testimony, it was practically identical, almost word for word, as near as persons would be apt to give it, with their written statements or admissions. Counsel asserts that this is an incorrect statement of the evidence. But it does not pretend to be a statement of the evidence at all, but only of the judge's recollection of the evidence; and he had previously carefully warned the jury, they were the judges of the facts, and if he should make any mistake in his recollection of the facts, or misstate any, or omit to state anything, it was their duty to supply that. Hence, the remark about the testimony of the defendants was mere comment, and did not deprive the charged requests of their full force, even if the judge erred in his recollection of the testimony.

The last point is, that the court refused the following request: "That the jury may at the time of rendering their verdict recommend imprisonment at hard labor for life, for both or either of the defendants."

The court did charge substantially as in the other case, that the jury might recommend imprisonment for life; and what was there said respecting "hard labor" applies here. The further point is made, however, that the clause "for both or either of the defendants" should have been included as requested. There were two requests on this phase of the case, as indicated in the printed book before us; one was as quoted above; the other omitted the words "for both or either of the defendants." The specification of causes for reversal under section 137 of the Criminal Procedure act relies only on the

failure to charge the latter request, not containing the words in question. Consequently, the refusal of the former cannot be urged here. Section 137 provides that in cases where the entire record is taken up under section 136, the plaintiff in error "shall specify the causes in the record relied on for relief or reversal." And it has been held, both in the Supreme Court and in this court, that without such specification a review cannot be had. *State* v. *Hess*, 65 *N. J. L.* 544; *State* v. *Lyons*, 70 *Id.* 635, 638, 639; *State* v. *Herron*, 77 *Id.* 523.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.